IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-128-RJC
(3:07-cr-143-RJC)

| | | |
|---|---|---|
| DERRICK LORENZO HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, or for alternative relief, (Doc. No. 1), and the Government's Amended Response in support, (Doc. No. 5). For the reasons that follow, Petitioner's § 2255 motion will be granted.

I. BACKGROUND

On September 20, 2007, Petitioner entered a plea of guilty, without benefit of a written plea agreement, to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). (3:07-cr-43, Doc. No. 10: Acceptance and Entry of Guilty Plea). The Court sentenced him to twenty-four months' imprisonment and three years' supervised release and entered Judgment on August 5, 2008. (Id., Doc. No. 15: Judgment at 2). Petitioner did not file an appeal.

Petitioner began his term of supervised release on December 19, 2008, which a probation officer moved to revoke on May 20, 2009, based on alleged new state law offenses. (Id., Doc. No. 18: Petition). The Court found him in violation, revoked his supervised release, and sentenced him to eighteen months' imprisonment and eighteen months' supervised release. (Id., Doc. No. 24: Revocation Judgment). While Petitioner's appeal of that sentence was pending, he began the new

3

term of supervised release on April 7, 2011. (Id., Doc. No. 32: Petition). His probation officer filed another petition to revoke on July 6, 2011, based on alleged new state law crimes, including robbery with a dangerous weapon. (Id.).

Meanwhile, the United States Court of Appeals for the Fourth Circuit vacated the first revocation sentence and remanded for determination of the grade of violation in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id., Doc. No. 33: Opinion). Re-sentencing on the remanded case and a revocation hearing on the second petition were both set for February 29, 2012. On February 27, 2012, Petition filed the instant motion. (Doc. No. 1). At the hearings, the Court again sentenced Petitioner to eighteen months' imprisonment and eighteen months' supervised release for the first revocation and five month's imprisonment for the second. (Case No. 3:07-cr-143, Doc. No. 39: Amended Revocation Judgment; Doc. No. 40: Revocation Judgment). Petitioner appealed but later moved to dismiss, which the Fourth Circuit granted. (Id., Doc. No. 48: Order and Mandate).

In the instant § 2255 motion, Petitioner contends that his original conviction under 18 U.S.C. § 922(g) should be vacated and his supervised release terminated based on Simmons because his predicate North Carolina conviction for possession of a stolen motor vehicle did not subject him to a term of more than one year in prison. (Doc. No. 1: Motion at 3).

II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to promptly examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

4

III.     DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period on motions to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government initially recognized the § 2255 motion was late, but requested that the matter be held in abeyance pending the Fourth Circuit's resolution of United States v. Powell, No. 11-16152. (Doc. No. 4: Response at 1). After the Powell decision was issued, 691 F.3d 554 (4th Cir. 2012), the Government waived its affirmative defense "in the interests of justice." (Doc. No. 5: Amended Response at 1).

Petitioner is currently serving his state sentence for the robbery charges, and it appears that a detainer has been lodged for him to serve his federal revocation sentences when released. (Case No. 3:07-cr-143, Doc. No. 49: Letter (complaining about impact of detainer on state prison programs)). Because the § 922(g) conviction has continued consequences for Petitioner, the Court finds that the "case or controversy requirement" of Article III, § 2 of the Constitution is met. See Spencer v. Kemna, 523 U.S. 1, 7, 1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement). For this reason, and in light of the Government's waiver of the statute-of-limitations defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is

5

before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior conviction could not have resulted in a sentence of more than one year in prison. (Doc. No. 1: Motion at 3, Exhibit 1; Doc. No. 5: Amended Response at 2). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of Petitioner's conviction in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his criminal judgment and subsequent revocation judgments in Case No. 3:07-cr-143, (Doc. No. 1), is **GRANTED**.

The Clerk is directed to certify copies of this order to Petitioner, counsel for Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: April 10, 2014

Robert J. Conrad, Jr.
United States District Judge